JS 44 (Rev. 06/17) **MSG**     CIVIL COVER SHEET     17-R-3957

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Hatem Bedhiaf

### DEFENDANTS
United States of America

17 3957

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven Laynas, Esquire, Laynas & Georges, P.C.
1500 JFK Boulevard, Suite 1300, Philadelphia, PA 19102

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☒ 345 Marine Product Liability | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
USC Sec. 1346(b); USC Sec. 2671-2680
Brief description of cause:
Motor vehicle accident involving federal employee

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE     DOCKET NUMBER

DATE     AUG 25 2017     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE



**UNITED STATES DISTRICT COURT**

17 3957

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2443 S. American Street, Philadelphia, PA 19148

Address of Defendant: 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: Philadelphia, PA
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, Steven Laynas, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/22/17   _____ Attorney-at-Law   33906   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/22/17   _____ Attorney-at-Law   33906   Attorney I.D.#

AUG 25 2017

CIV. 609 (6/08)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| HATEM BEDHIAF | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. 17  3957 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x)

| | | |
|---|---|---|
| 8/22/17 | /s/ signature | Plaintiff, Hatem Bedhiaf |
| Date | Attorney-at-law | Attorney for |
| 215-851-8700 | 267-282-0422 | SLaynas@Laynaslaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

AUG 25 2017

$400

MSG

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HATEM BEDHIAF<br>2443 S. American Street<br>Philadelphia, PA 19148 : <br>    Plaintiff : | | 17   3957 |
| v. | : NO. | |
| UNITED STATES OF AMERICA<br>615 Chestnut Street, Suite 1250<br>Philadelphia, PA 19106, | : | |
| Defendant | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Hatem Bedhiaf, by and through his attorneys, Laynas & Georges, P.C., hereby avers the following:

### I. JURISDICTION

1. Jurisdiction of this Court arises under the FTCA, ch. 753, title IV, 60 Stat. 842, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671-2680.

### II. PARTIES

2. Plaintiff, Hatem Bedhiaf, is an individual and citizen of Pennsylvania who resides at the above-captioned address.

3. United States of America, is a Defendant in this action pursuant to 28 U.S.C. § 2679.

4. Pursuant to § 2679 of the FTCA, the United States of America shall be substituted for the federal employees through which the tort claims arise.

5. Jason Chader Salvo is an individual who, upon information and belief, is an employee of the United States Government in the Department of the Navy acting within the course and scope of his employment at the time of this accident.

6. Therefore, the Defendant, United States of America, and Jason Chader Salvo are each responsible and liable for the acts of the other.

7. It is believed and therefore averred that at all times material hereto, Jason Chader Salvo, was the employee, agent, servant or ostensible agent, employee or servant of the Defendant, United States of America.

### III. VENUE

8. Since, at all times material hereto, the tortious conduct occurred within Philadelphia County, Defendant is subject to the venue of the United States District Court for the Eastern District of Pennsylvania, seated in Philadelphia, Pennsylvania.

9. Plaintiff demands a trial by jury.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Pursuant to §2675 of the FTCA, Plaintiff sent notice of his claim to the United States Department of the Navy on November 10, 2016 via certified mail.

11. On or about January 20, 2017, Plaintiff received a letter from the United States Department of the Navy acknowledging receipt of plaintiff's claim and requesting additional information.

### V. OPERATIVE FACTS

12. On or about April 2, 2015, at or about 11:00 a.m., plaintiff was the operator of an automobile proceeding on Pennsylvania Avenue, at or near its intersection with 22nd Street, both public thoroughfares in the City and County of Philadelphia, Commonwealth of Pennsylvania.

2

13. On or about April 2, 2015, at or about 11:00 a.m., defendant, by and through its agent, servant and/or employee Jason Chader Salvo, was the operator of a motor vehicle which was proceeding on 22nd Street, at or near its intersection with Pennsylvania Avenue, both public thoroughfares in the City and County of Philadelphia, Commonwealth of Pennsylvania.

14. As the vehicles were proceeding as aforesaid, defendant, by and through its agent, servant and/or employee, Jason Chader Salvo, failed to stop for a red traffic signal for traffic proceeding on 22nd Street and negligently entered the intersection without regard to said red traffic signal and caused the vehicles to violently collide, with the result that plaintiff suffered severe and serious injuries and damages as are hereinafter set forth.

15. The negligence of Jason Chader Salvo is included, but is not limited to, the following:

   (a) In operating a motor vehicle at a high, dangerous and reckless rate of speed under the circumstances;

   (b) In failing to have his motor vehicle under proper control under the circumstances;

   (c) In that the driver was inattentive and failed to maintain a sharp lookout of the road and surrounding traffic conditions;

   (d) In failing to maintain the vehicle in a proper mechanical condition;

   (e) In failing to operate the brakes in such a manner as to cause the vehicle to stop in time to avoid the collision;

   (f) In failing to observe that care and caution required under the circumstances;

3

      (g)    In violating the various statutes and municipal ordinances pertaining to the operation of motor vehicles on public thoroughfares under the circumstances;

      (h)    In failing to obey the traffic signal controlling defendant's lane of traffic;

      (i)    In failing to stop for a red traffic signal controlling the intersection; and

      (j)    In failing to maintain a reasonable lookout for the presence of other motor vehicles on the roadway.

16.    Solely as a result of the negligence of defendant, by and through its agent, servant and/or employee, Jason Chader Salvo, as aforesaid, plaintiff, Hatem Bedhiaf, has sustained the following injuries, all of which are or may be of a serious and permanent nature, including disc herniations at L3, L4, L5; midsubstance tear of the radial collateral ligament of MCP joint which required repair and MP pinning, a surgical procedure; cervical sprain and strain; left upper extremity radiculopathy; lumbar sprain and strain; bilateral lower extremity radiculopathies; and other severe and serious injuries, the full extent of which are not known at present, including possible aggravation and activation of pre-existing injuries.

17.    As a result of the injuries as aforesaid, plaintiff, Hatem Bedhiaf, has sustained the following damages:

      (a)    Said plaintiff has been and will be required to in the future expend large sums of money for surgical and medical attention, hospitalization, medical supplies, surgical appliances, medicines and attendant services;

      (b)    Said plaintiff has been injured;

      (c)    Said plaintiff has suffered and will continue to suffer great pain, suffering, inconvenience, embarrassment and mental anguish;

  (d) Said plaintiff has been deprived of earnings;

  (e) Said plaintiff has been disfigured;

  (f) Said plaintiff's general health, strength and vitality have been impaired;

  (g) Said plaintiff has suffered a loss of the enjoyment of life.

18. As a further result of the accident, Plaintiff, Hatem Bedhiaf, has and probably will in the future, be obliged to receive and undergo medical attention and care and will incur various expenditures for the injuries she has suffered.

19. As a further result of the negligence of defendant, by and through its agent, servant and/or employee, Jason Chader Salvo, Plaintiff, Hatem Bedhiaf, has been unable to attend to his daily chores, duties and occupations, and he will be unable to do so for an indefinite time in the future, all to his great financial detriment and loss.

20. As a further result of the negligence of defendant, by and through its agent, servant and/or employee, Jason Chader Salvo, Plaintiff, Hatem Bedhiaf, has suffered severe pain, mental anguish, humiliation and embarrassment, and he will continue to suffer same for an indefinite period of time in the future.

21. As a further result of the negligence of defendant, by and through its agent, servant and/or employee, Jason Chader Salvo, Plaintiff, Hatem Bedhiaf, has and/or will incur various unpaid reasonable, necessary medical expenses and custodial care expenses that are causally related to the injuries sustained in the above referenced accident all to his detriment and loss.

**WHEREFORE**, Plaintiff, Hatem Bedhiaf, demands judgment in his favor and against Defendant, United States of America, for compensatory and delay damages.

Respectfully submitted,

LAYNAS & GEORGES, P.C.

By: _____
Steven Laynas, Esquire
1500 J.F.K. Boulevard, Suite 1300
Philadelphia, PA  19102
Tel:  (215) 851-8700
Fax:  (267) 282-0422
Email:  SLaynas@Laynaslaw.com

Attorneys for Plaintiff